

**U.S. Department of Justice**

FILED
IN CLERKS OFFICE

**Michael J. Sullivan**
*United States Attorney*    2005 JAN 21  P 12: 09

*District of Massachusetts*
U.S. DISTRICT COURT
DISTRICT OF MASS.

_____

SCANNED
DATE: 1/24/05
BY: Voh

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

January 18, 2005

Melvin Norris, Esq.
260 Boston Post Road
Wayland, MA 01778

Re: <u>United States v. Richard E. Czyras</u>
    Criminal No. 04-10331-GAO

Dear Mr. Norris:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Richard E. Czyras, ("Defendant"), in the above-captioned case. The Agreement is as follows:

1.    <u>Change of Plea</u>

At the earliest practicable date, Defendant shall plead guilty to Count One of the Indictment. Defendant expressly and unequivocally admits that he in fact committed the crime charged in Count One of the Indictment, and is in fact guilty of this offense.

2.    <u>Penalties</u>

Defendant faces the following maximum penalty: five years imprisonment, a $250,000 fine, three years of supervised release and a $100 special assessment.

3.    <u>Sentencing Guidelines</u>

The United States will take the following positions at sentencing under the United States Sentencing Guidelines:

a) The base offense level pursuant to
U.S.S.G. §2B1.1 is 6.

b) A 2-level adjustment for abuse of a
position of trust is applicable pursuant to
U.S.S.G. §3B1.3.

Based on Defendant's prompt acceptance of personal
responsibility for the offense of conviction in this case, and
information known to the U.S. Attorney at this time, the U.S.
Attorney agrees to recommend that the Court reduce by two levels
Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1.

The U.S. Attorney specifically reserves the right not to
recommend a reduction under U.S.S.G. § 3E1.1 if, at any time
between his execution of this Agreement and sentencing Defendant:

(a)   Fails to admit a complete factual basis for the
      plea;

(b)   Fails to truthfully admit his conduct in the
      offense of conviction;

(c)   Falsely denies, or frivolously contests, relevant
      conduct for which Defendant is accountable under
      U.S.S.G. § 1B1.3;

(d)   Fails to provide truthful information about his
      financial status;

(e)   Gives false or misleading testimony in any
      proceeding relating to the criminal conduct
      charged in this case and any relevant conduct for
      which Defendant is accountable under U.S.S.G. §
      1B1.3;

(f)   Engages in acts which form a basis for finding
      that Defendant has obstructed or impeded the
      administration of justice under U.S.S.G. § 3C1.1;

(g)   Intentionally fails to appear in Court or violates
      any condition of release;

(h)   Commits a crime;

(i)   Transfers any asset protected under any provision
      of this Agreement; and/or

2

(j)    Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after date of this Agreement.

4.    Sentence Recommendation

The U.S. Attorney agrees to recommend the following sentence before the District Court:

(a)    A probationary period of two years, if probation falls within the Sentencing Guidelines range as determined by the Court, otherwise, a period of incarceration for a term at the low end of the Sentencing Guidelines range;

(b)    A fine of $1,000, unless the Court finds pursuant to U.S.S.G. § 5E1.2(e) that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

(c)    $100 mandatory special assessment;

(d)    Two years of supervised release if a term of imprisonment is imposed.

The U.S. Attorney and Defendant agree that there is no basis for a departure from the sentencing range established by the United States Sentencing Guidelines. Accordingly, neither the U.S. Attorney nor Defendant will seek a departure on any ground from the Sentencing Guidelines.

In the event of an appeal from, or collateral challenge to, Defendant's sentence, the U.S. Attorney reserves his right to argue the correctness of Defendant's sentence and the manner in which the District Court determines it.

3

5.    Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6.    Court Not Bound By Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

7.    Information For Presentence Report

Defendant agrees to provide all information requested by the U.S. Probation Office concerning his assets.

8.    Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

9.    Rejection of Plea By Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

4

10.  Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing.  The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement.  Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement.  Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea.  Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, without any limitation.  In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

11.  Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

12.  Complete Agreement

This letter contains the complete and only agreement between the parties relating to the disposition of this case.  No promises, representations or agreements have been made other than those set forth in this letter.  This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

5

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below.  Please also sign below as Witness.  Return the original of this letter to Assistant U.S. Attorney Sandra S. Bower.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: _James B. Farmer_____

JAMES B. FARMER
Assistant U.S. Attorney
Chief,
Criminal Division

STEPHEN P. HEYMANN
Assistant U.S. Attorney
Deputy Chief,
Criminal Division

SANDRA S. BOWER
Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney.  I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts.  I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them.  I am satisfied with the legal representation provided to me by my attorney.  We have had sufficient time to meet and discuss my case.  We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial.  I am

6

entering into this Agreement freely, voluntarily, and knowingly
because I am guilty of the offenses to which I am pleading guilty
and I believe this Agreement is in my best interest.

RICHARD E. CZYRAS
Defendant

Date: 1-20-05


        I certify that RICHARD E. CZYRAS has read this Agreement and
that we have discussed its meaning.  I believe he understands the
Agreement and is entering into the Agreement freely, voluntarily
and knowingly.

MELVIN NORRIS, Esq.
Attorney for Defendant

Date: 1/20/05

7